**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,      )<br>              )<br>     Plaintiff/Respondent,   )<br>              )<br>vs.             )<br>              )<br>Porfirio Ochoa Acosta,        )<br>              )<br>     Defendant/Petitioner.   )<br>_____) | No. CR 11-529-TUC-CKJ<br><br>**ORDER** |

Pending before the Petition for Writ of Error Coram Nobis (Doc. 31) filed by Petitioner Porfirio Ochoa Acosta ("Acosta"). The response filed by the government states it does not oppose the requested relief.

*Writ of Error Coram Nobis*

Although the writ of error *coram nobis* was abolished as a form of relief from civil judgments by Fed.R.Civ.P. 60(b), the Supreme Court has held that it survives as a post-sentence remedy in criminal cases and that the district courts have power to issue the writ under the All Writs Act, 28 U.S.C. § 1651(a). *United States v. Morgan*, 346 U.S. 502 (1954). "A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief[.]" *Chaidez v. United States*, 568 U.S. 342, 345 n. 1 (2013); *Estate of McKinney By & Through McKinney v. United States*, 71 F.3d 779, 782 n. 5 (9th Cir. 1995).

In this case, Acosta asserts it is undisputed that, following the issuance of a removal order, Removal Order, Ex. A (Doc. 31-1), neither Acosta nor his attorney were served with

the written decision as required by 8 C.F.R. § 1240.13(a) and (d). Therefore, Acosta did not have an opportunity to file an appeal. Based on a similar case, Acosta asserts his appeal would have been successful. *See* Anastacio MACIAS A035 022 353 (BIA September 26, 2000), Ex. B (Doc. 31-1). Following Acosta's arrest for illegal re-entry in this case, Acosta was convicted and sentenced. Acosta alleges his attorney was ineffective for failing to realize that Acosta's removal order was invalid.

Acosta' current attorney filed a motion to reopen removal proceedings with the Immigration Court. Acosta summarizes:

> On March 19, 2018, the Immigration Court, finding the removal order invalid, entered an order reopening removal proceedings. Although the motion to reopen was filed almost 20 years after entry of the invalid removal order, the Immigration Judge found exceptional circumstances warranting equitable tolling of the 90 day time limit for filing a motion to reopen.

Immigration Order, Ex. K (Doc. 31-1). Acosta's removal order has now been vacated and could not have served as the basis for the conviction in this case. Acosta has presented a colorable claim of actual innocence.

Accordingly, IT IS ORDERED:

1. The Petition for Writ of Error Coram Nobis (Doc. 31) is GRANTED.

2. The conviction and judgment in *United States v. Porfirio Ochoa-Acosta*, CR 11-529-CKJ, is VACATED and SET ASIDE.

DATED this 3rd day of June, 2020.

_____
Cindy K. Jorgenson
United States District Judge